# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DANIEL PHELPS,**

              **Plaintiff,**

**-vs-**                                              **Case No. 6:05-cv-1910-Orl-28KRS**

**SOUTHERN GREENS, INC.,**

              **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO RE-OPEN THIS ACTION TO APPROVE THE PARTIES' PROPOSED SETTLEMENT AND ENTER A STIPULATED FINAL JUDGMENT (Doc. No. 21)** |
| **FILED:** | **May 17, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On April 25, 2006, the parties advised the Court that this matter has been completely settled. Doc. No. 19. As a result, the presiding district judge, the Honorable John Antoon II, dismissed this matter "without prejudice subject to the right of any party to re-open the action within sixty (60) days, upon good cause shown, or to submit a stipulated form of final order or judgment." Doc. No. 20. The parties now request that the Court re-open this matter and approve their settlement

agreement. Pursuant to this Court's order, doc. no. 22, the parties filed a copy of the Settlement Agreement and General Release, doc. no. 23. They also submitted a copy of a proposed stipulated final judgment to chambers.

This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq.* In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages, or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

In his answers to the Court's interrogatories, Plaintiff Daniel Phelps indicated that he believed he was entitled to $3,117.23 in unpaid overtime compensation.. Doc. No. 13, ex. 1. The Settlement Agreement indicates that Phelps agreed to accept $1,054.79 in resolution of this claim. Doc. No. 23. Phelps agreed to accept less than the amount originally sought because there was a dispute over whether Phelps had worked through his lunches, and was therefore entitled to overtime compensation for that time. Doc. No. 21. Phelps certified that he agreed to the terms of the settlement and believes this settlement is in his best interest. *Id*. at 5. The Settlement Agreement also indicates that Southern Greens Inc. agreed to pay Phelps $25.00 in consideration for a general release of claims against it. Doc. No. 23.

I conclude that the proposed settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA. Therefore, I respectfully recommend that the Court re-open this action and enter a final stipulated judgment in the form proposed by the parties. I further recommend that

the Court, thereafter, direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 13, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy